J-S33004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES J. LUMB :
:
Appellant : No. 435 EDA 2020

Appeal from the Judgment of Sentence Entered September 13, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001617-2018

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 19, 2020**

Appellant, James J. Lumb, appeals from the Judgment of Sentence entered following his open guilty plea to one count of Conspiracy and two counts of Robbery.[1] Appointed counsel, Matthew S. Hagarty, Esq., seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the Judgment of Sentence and grant counsel's Application to Withdraw as Counsel.

In February 2018, Appellant conspired with two others to rob a bank in Gladwyne, Montgomery County. Following his arrest, Appellant entered an open guilty plea on December 18, 2018, and the court ordered a Pre-Sentence Investigation. On September 13, 2019, the court imposed an aggregate

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 903(a), 3701(a)(1)(ii).

sentence of two to five years of incarceration, within the standard range of the Sentencing Guidelines.

Appellant timely filed a Post-Sentence Motion, asserting his sentence was excessive because the court failed to give him due consideration for cooperating with the Commonwealth. The trial court denied Appellant's Motion by operation of law. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion.

### *Anders* Brief

In this Court, counsel has filed an **Anders** Brief challenging the discretionary aspects of Appellant's sentence. **Anders** Br. at 2.[2] In addition, counsel has filed an Application to Withdraw as Counsel.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[2] "Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing." **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted).

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In addition, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has complied with the requirements of *Anders* as articulated in *Santiago* and supplied Appellant with a copy of his *Anders* Brief and a letter explaining the rights enumerated in *Nischan*. *See Anders* Br., Exh. B (Letter, dated Sept. 30, 2020). Accordingly, counsel has satisfied the technical requirements for withdrawal.[3]

Having addressed counsel's technical compliance with *Anders*, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or

---

[3] Appellant did not respond to counsel's *Anders* Brief.

- 3 -

misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

## Discretionary Aspects of Appellant's Sentence

Appellant challenges the discretionary aspects of his sentence. ***See Anders*** Br. at 2, 5-9.

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***; ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. Further, Appellant sufficiently preserved his claim in a Post-Sentence Motion, which requested a more lenient sentence based on mitigating evidence presented at his sentencing hearing. ***See*** Post-Sentence Motion, 9/23/19. Within his ***Anders*** Brief, counsel has failed to include a Pa.R.A.P. 2119(f) Statement. However, "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement." ***Commonwealth v. Zeigler***, 112 A.3d 656,

661 (Pa. Super. 2015) (citations omitted). We will proceed, therefore, to consider whether Appellant's claim presents a substantial question or is frivolous. *See id.*

Whether a substantial question has been raised is determined on a case-by-case basis. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." ***Id.*** (citation and quotation marks omitted).

Appellant here asserts that the trial court imposed an excessive sentence because it did not properly consider mitigating evidence showing that he cooperated with the Commonwealth. ***See*** Post-Sentence Motion; ***Anders*** Br. at 5-9.

It is well-settled that "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." ***Moury***, 992 A.2d at 171 (citation omitted). In addition, where the court had the benefit of a pre-sentence investigation report, we may presume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Here, the trial court had the benefit of a Pre-Sentence Investigation Report. ***See*** N.T. Sentencing, 9/13/19, at 4. Thus, we may presume it was

- 5 -

aware of Appellant's particular circumstances. Moreover, the record confirms that the trial court had appropriate information for its consideration. ***See id.*** at 16-40 (court discussing at length the Pre-Sentence Investigation Report, Appellant's family support, Appellant's role in these crimes, and the limited and belated nature of his cooperation with the Commonwealth); Trial Ct. Op., 3/4/20, at 4-6. Thus, we conclude that Appellant has not raised a substantial question.

Following our review of the issue raised by Appellant in counsel's ***Anders*** Brief, we agree with counsel and conclude that this Appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/19/20</u>